WILLIAM BYNE, plaintiff in error, *vs.* EDMUND BYNE *et al.*, defendants in error.

Where the evidence submitted to the chancellor upon the hearing of a motion for injunction was conflicting, his discretion, exercised in refusing the application, will not be controlled.

Injunction.   Before Judge GIBSON.   Burke county.   At Chambers.   February 11th, 1875.

For the facts of this case, see the decision.

A. M. RODGERS; JOHN T. SHEWMAKE, for plaintiff in error.

JOHN J. JONES; R. H. CLARK; S. A. CORKER, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, Edmund Byne and Louis H. Routzahn, alleging that the defendants have entered upon and are in possession of his land, and refuse to move away; that he rented the land to Routzahn for the year 1873, but declined to rent it to him for another year.   At the beginning of the year 1874 Edmund Byne, the other defendant, moved his family there, and both defendants and their families are living upon the land, contrary to the wishes of complainant, and refuse to move away, both denying that they hold the premises under him; that he sued out a warrant against Routzahn as a tenant holding over; that he filed a counter-affidavit, and the proceedings have been returned to the superior court, and complainant is unable to obtain possession of his property; that said defendants threaten violence to complainant and his tenants, and prevent him from the cultivation of his said land, etc., to his great damage and irreparable injury, and that said defendants are insolvent.   Wherefore he prayed that the defendants might be enjoined and restrained from any interference with the use and occupation by complainant and his servants of the "Pond field" and the "Henry Byne place," and from committing any further disturbance or waste thereon.   The presiding judge granted an order to show cause why the injunction prayed for should not be granted, and in the meantime granted a restraining order until the hearing thereof.   The defendants answered the bill, denying the complainants' title to the

land, alleging that it was the property of Henry Byne at the time of his death, who died in possession of the same; that John S. Byne was his administrator, and defendants held possession of the land under him as his tenants.   John S. Byne filed his affidavit, affirming the truth of the defendants' answer, and prayed that he might be made a party defendant to the complainant's bill, alleging that he was *solvent*, and able to respond to the complainant in damages for the acts of his tenants in respect to their possession of the land in controversy.   There were several affidavits read on the hearing before the judge, which, as is usually the case, were conflicting. The presiding judge refused to grant the injunction prayed for, and the complainant excepted.   The granting and continuing of injunctions, must always rest in the sound discretion of the judge according to the circumstances of each case: Code 3220.   In view of the facts contained in the record of this case, we will not interfere to control the exercise of the discretion of the presiding judge in refusing the injunction.

Let the judgment of the court below be affirmed.